IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:22-cv-280-ECM-CWB |
| DANIEL HARRIS, JR., et al., | ) ) ) |
| Defendants. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jarmal Jabbar Sanders, who is proceeding *pro se*, filed this action on May 6, 2022. (Doc. 1). He simultaneously filed a motion to proceed *in forma pauperis* (Doc. 2) and a "Motion to Cease and Desist all Elections and Election Related Activities in the Middle District of Alabama Federal Judicial Court Circuit for May 24, 2022" (Doc. 4). On May 11, 2022, the District Judge denied the Motion to Cease and Desist to the extent that Plaintiff was seeking a temporary restraining order and referred the case to the Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 7). Plaintiff subsequently was granted *in forma pauperis* status, and the clerk was ordered to defer service of process pending preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 9). Having conducted such review, the undersigned concludes that dismissal is appropriate.

**I.      Plaintiff's Complaint**

Plaintiff brings this action against the following defendants: Daniel Harris, Jr., Ronda M. Walker, Isaiah Sankey, and Doug Singleton—each in his or her own official capacity as Montgomery County, Alabama Commissioner. (Doc. 1). Plaintiff's core allegation is that Defendants have designated unauthorized locations as polling places:

> I am a candidate the United States Senate who will represent the State of Alabama. The U.S. Senate seat is an at-large seat. I received reports that all the polling places locations in the State of Alabama were not authorized as polling place locations by any of the who are the property owners of the polling place locations. This leaves each voter in the State of Alabama unable to cast a vote for the candidate of chose and violates the 14 Amendment to the U.S. Constitution.

(*Id*. at pp. 1-2). As for the relief requested, Plaintiff states the following:

> I would like the court to issue an order to all of the polling place locations – In the purview of its legal jurisdiction – to get permission from the [] property owner to hold these elections on the premises of the property owner. This has been going on for 25 years. I would like an injunction the [sic] stop it and an order from this court to remedy it.

(*Id*. at p. 3).

Plaintiff also filed a "Motion to Cease and Desist all Elections and Election Related Activities in the Middle District of Alabama Federal Judicial Court Circuit for May 24, 2022" (Doc. 4) requesting similar relief, *i.e.*, stating that he "seeks [an] order to remedy the fact that all of these polling place locations are not authorized as polling place locations by the proper property owner" because "[t]his fact allows for no mechanism to vote which violates the 14 Amendment of the U.S. Constitution." (*Id*.).

## II.  Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to engage in a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). Under § 1915(e)(2)(B), the court is required to dismiss a complaint if determining that it is frivolous[1] or malicious, fails to

---

[1] A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

state a claim upon which relief may be granted,[2] or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Pro se* pleadings "'are held to a less stringent standard than pleadings drafted by attorneys'" and are to be liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation omitted).  Nonetheless, they still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  And a court does not have "license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009) (citation omitted).

## III.  Discussion

The Complaint as pled is exceedingly vague and devoid of any facts that might support a claim.[3]  Plaintiff does not allege that Defendants have violated any specific statutory provisions.

---

[2]  Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Moreover, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

[3]  The court takes judicial notice pursuant to Fed. R. Evid. 201(b) that the Alabama primary was held on May 24, 2022 and that the general election was held on November 8, 2022. https://www.sos.alabama.gov/alabama-votes/voter/election-information/2022.  Plaintiff's claims, such as they might be, would now appear to be moot.  However, "[f]or claims involving elections, courts have provided relief under the exception for conduct capable of repetition yet evading review even after elections have ended and a winner has been announced." *Acosta v. Democratic City Comm.*, 288 F. Supp. 3d 597, 623 (E.D. Pa. 2018) (collecting cases).  Plaintiff's claims thus may not be moot because Defendants' alleged conduct is capable of being repeated, specifically given that Plaintiff alleges such conduct "has been going on for 25 years." (Doc. 1 at p. 3).  Out of an abundance of caution, the court will elect to address the substance of Plaintiff's Complaint.

Nor does he allege how relocating polling locations has prevented anyone from voting or how such relocations were discriminatory. Moreover, Plaintiff has undertaken to file suit against Montgomery County Commissioners but makes no specific allegations that any polling locations within Montgomery County were improperly relocated.

As purported support for his allegations, Plaintiff has attached to his Complaint a January 10, 2022 resolution by the Dallas County Commission regarding the relocation of two polling places "to provide better and safer public access and parking to the voters." (Doc. 1-1; Doc. 1-2). However, the court notes that the resolution explicitly states that the custodians of the premises "consented to allow said premises to be used as a polling place for [each respective] precinct." (Doc. 1-1). Not only that, to the extent that Plaintiff takes issue with the practices of the Dallas County Commission, he would need to file any claims against it in the Southern District of Alabama. *See* 28 U.S.C. § 81(c)(1).

For these reasons, Plaintiff's allegations as set forth in the Complaint appear frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(i) and also fail to state a claim upon which relief may be granted for purposes of 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.     Conclusion**

Accordingly, the Magistrate Judge RECOMMENDS that the Complaint (Doc. 1) and the Motion to Cease and Desist (Doc. 4) be DISMISSED WITHOUT PREJUDICE.

It is ORDERED that objections to this Recommendation be filed by December 5, 2022. An objecting party must identify in writing the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 21st day of November 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**